KIMMEL & SILVERMAN, P.C.

Joseph D. Steward, III (337385)
1055 West 7th Street, 33rd Floor
Los Angeles, CA 90017
Telephone: 215-540-8888 x 134
Facsimile: 215-540-8817
jsteward@creditlaw.com

Craig T. Kimmel (*pro hac vice*)
Jacob U. Ginsburg (*pro hac vice*)
30 E. Butler Ave.
Ambler, PA 19002
kimmel@creditlaw.com
jginsburg@creditlaw.com
teamkimmel@creditlaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KRISTEN HALL,** *on behalf of herself and all others similarly situated.*<br><br>*Plaintiff,*<br><br>v.<br><br>**SMOSH DOT COM, INC. d/b/a SMOSH, and MYTHICAL ENTERTAINMENT, LLC,**<br><br>*Defendants.* | **Case No.: 2:21-at-1023**<br><br>**AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff, Kristen Hall ("Plaintiff", "Ms. Hall" or "Hall)", individually, and

on behalf of all others similarly situated, and demanding a trial by jury, brings this

action against Defendants, Smosh Dot Com, Inc. d/b/a Smosh (hereinafter "Smosh"), and Mythical Entertainment, LLC (hereinafter "Mythical") (hereinafter collectively referred to as "Defendants") for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*,, and §302.101 of the Texas Business & Commerce Code.  In support of this Amended Complaint, Plaintiff, individually, and on behalf of all others similarly situated asserts as follows:

## BACKGROUND:
## TELEMARKETING AND THE TCPA

1.    In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

2.    The TCPA also affords special protections for people who registered their phone numbers on the National Do Not Call Registry and nonetheless received telemarketing calls for which they did not expressly consent..

3.    In 2019, the FTC received over 5.4 million complaints from US residents about unwanted calls. FTC: *What Do Not Call Complaints are telling* us

(Oct. 17, 2019), *available* at: https://www.consumer.ftc.gov/blog/2019/10/what-do-not-call-complaints-are-telling-us.

4.    The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, (March 28, 2019) available at: https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

## DATA-MINING AND TELEMARKETING
## TOWARD MINORS AND SMOSH

5.    Where concerns have grown in recent years about the corporate mining of consumer data, that concern is especially heightened when it comes to the data-mining of children. *See* Stephanie Simon, *The big biz of spying on little kids*, POLITICO (May 15, 2014), *available at:* https://www.politico.com/story/2014/05/data-mining-your-children-106676. As Ms. Simon summarized: "the data revolution has also put heaps of intimate information about school children in the hands of private companies — where it is highly vulnerable to being shared, sold or mined for profit." Id.

AMENDED COMPLAINT

6.     On its face, Defendant "Smosh" (owned and operated by Defendant Mythical) is an online retailer geared toward teenagers that offers "sketch comedy" videos online and sells merchandise primarily to its youth customer base.

7.     Smosh and Mythical also derive substantial profits from collecting, selling and transmitting consumer data; much of that data from minors under the age of 18.

8.     When marketing its merchandise, in addition to comparatively passive online marketing, Defendants engage in "direct" telemarketing via text message and calls to phone numbers entered in the website smosh.com.

9.     Despite the fact that a minor cannot provide the "express consent" or required under the TCPA or enter into any type of business relationship, Smosh has routinely sent out solicitous text message to phone numbers provided by minors on the basis that said minor "consented" or "opted in" to receive those communications.

## THE PARTIES

10.     Plaintiff and putative class-representative, Kristen Hall is a natural person and adult, who at all times relevant hereto, resided in Willis, Texas

- 4 -

AMENDED COMPLAINT

11.    Hall is the mother and legal guardian of a child whose information was collected by Defendant.

12.    Defendant Smosh.com is an online entertainment and merchandise company geared toward adolescents.

13.    Defendant Smosh.com maintains its headquarters at 1333 Howe Ave., Suite 103, Sacramento, California 95825.

14.    Defendant Mythical maintains its headquarters at 450 North Roxbury Drive, 8th Floor, Beverly Hills, California, 90210.

15.    Upon information and belief, Mythical is the parent company, which owns and operates Smosh.com.  At all times relevant hereto, the two businesses worked together in concert.

16.    Plaintiff brings this Action in her individual capacity and on behalf of all other similarly situated seeking damages and any other available legal or equitable remedies resulting from the unlawful actions of Defendants, in negligently, knowingly, and/or willfully contacting Plaintiff and other Class members on their cellular telephone in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 et seq. and related regulations specifically the National Do-Not-Call provisions where the telephone number provided to Defendant was associated with the consumer data of a minor.

17.    Plaintiff also brings this action to protect persons located in Texas to whom Defendants improperly placed telephone communications without first obtaining the proper registration certificate.

## JURISDICTION AND VENUE

18.    This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

19.    Furthermore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), because this case is a class action where the aggregate claims of all members of the proposed Class are in the excess of $5,000,000.00, exclusive of interest and costs.

20.    This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

21.    This Court has personal jurisdiction over Defendants, as they maintain their headquarters in the State of California.

22.    Furthermore, Defendant Smosh.com's headquarters are based in Sacramento, California, which is within this District.

23.    Defendant Mythical does substantial business in this District as well and availed itself to this District by working in concert with Smosh.com.

24.     Accordingly, personal jurisdiction exists and this venue is proper.

## FACTS PERTAINING TO PLAINTIFF

25.     At all times pertinent hereto, Plaintiff Kristen Hall was the owner of a cellular phone, the number for which was 575-XXX-0669.

26.     Ms. Hall would at times, allow her minor son to use that phone.

27.     The aforementioned cell phone was used primarily for residential purposes.

28.     Plaintiff registered that phone number on the National Do Not Call Registry on or about November 8, 2019.

29.     Plaintiff did so to obtain solitude from invasive and irritating solicitation calls and to protect her minor son from being inundated with advertisers and data-miners.

30.     Ms. Hall did not consent to being contacted by Defendants.

31.     On information and belief, on or around November 3, 2019, Defendants obtained the personal data of Plaintiff's minor son, who was 13 years old at the time.

32.     That personal data obtained by Smosh identified that Plaintiff's son was 13 years old at the time, and listed his telephone number as 575-XXX-0669.

AMENDED COMPLAINT

33.    That personal data also identified that Plaintiff's son was a resident of Texas City, Texas.

34.    Defendants sent at least 5 text messages from the apparent phone number of (310) 299-9555 to 575-XXX-0669, soliciting Smosh merchandise.  The date, time and content of those messages are set forth below:

- December 25, 2019, 27:54 pm CST: "Merry Holiday to you! For all your supposed, love and memes this past year, we're have (six) a sale to show our thanks! 25% SITEWIDE…";

- March 2, 2020, 2:48 pm CST: "OH HAPPY DAY!!! The try not to laugh shirt is back in stock. Buy one. Spit on your friends. Be merry. BUY HERE IF YA WANT…";

- April 24, 2020, 11:37 am CST: "Hey, thanks :) Thank you so much for 7 million Subs on SMOSH PIT!! For the next 7 hours take 20% off all SMOSH Pit Merch. Thanks for bein (six) our favorite pizza place <3…"

- April 24, 2020, 11:37 am CST: Psst. We're having a sale and y'all are the first to know. Take 20% off everything in the store using the code EARLYACCESS at checkout, eligible until 5/25pm 11:59 Pacific time…"; and

- June 29, 2020, 4:02 pm CST: "Hey friends! Get our new merch for 10% off using the code GROOVY."

(A true and correct copy of screenshots reflecting those texts is attached as Exhibit "A.")

35.    The text messages solicited business for Defendants' merchandise store.

36.     The text messages were generic, pre-scripted and clearly sent out as part of an automated text message "blast."

37.     As the subscriber and owner of that cell phone, Plaintiff found those solicitation messages to be irritating, exploitative and invasive.

38.     The messages were precisely the type of communications she sought to avoid when she registered her number on the Do Not Call registry.

39.     In its attempts to demonstrate that Defendants had "consent" to send the aforementioned text messages to Plaintiff, on or around September 9, 2021, Smosh's counsel provided the data it had stored which led Smosh to send the aforementioned solicitation messages.  (A true and correct copy of an email from Smosh's counsel dated September 9, 2021 is attached as Exhibit "B"; A true and correct copy of the redacted consumer data, enlarged for the purpose of legibility, is attached as Exhibit "C.")

40.     Specifically, Defendants, through counsel, wrote "Craig: The number you provided belongs to [REDACTED] who opted into automated messages 11/3/19." (Ex. B.)

41.     However, the data provided by counsel, reflects that the party who "opted in" during November 2019 was 15 years old as of Sept. 8, 2021 (and 13 years old at the time the text messages were sent), and was born in 2006. (Exhibits B and C.)

AMENDED COMPLAINT

42.     Defendants' text messages intruded upon the rights of Plaintiff and the putative class members to be free from invasion of their seclusion.

## Class Allegations

43.     Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this lawsuit as a class action on behalf of themselves and all others similarly situated.  This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation. commonality, typicality, and adequacy of representation.

44.     Defendants lack policies in place to assure that it has valid consent before sending messages or making calls using an automatic telephone dialing system to a cellular phone.

45.     Accordingly, Defendants sent vast quantities of messages and placed a high volume of calls to cellular phones without valid consent of the called party.

46.     Furthermore, Defendants lack policies in place to assure it has valid consent or a pre-existing business relationship with a party of majority age before making telemarketing calls or text messages.

47.    Defendants also lack policies in place to assure that numbers that receive telemarketing calls were not registered on the Do Not Call Registry.

48.    Accordingly, Defendants sent vast quantities of messages and placed a high volume of calls to numbers listed on the Do Not Call Registry without consent or an existing business relationship.

49.    Finally, Defendants place calls to residents of Texas without being registered as a telephone solicitor with the Texas Secretary of State.

50.    Plaintiff seeks to represent the following classes:

**ATDS Class:**  For the period from four years prior to the filing of this suit until the date a class is certified, all persons in the United States who: (1) subscribe to cellular telephones; (2) received one or more telephone call or text message from Defendants (or someone acting on its behalf) ; (3) where the party that purportedly "consented" to receive the call(s)/text(s) was under the age of 18 at the time the party purportedly offered that "consent";

**Do Not Call Registry Class:**  For the period from four years prior to the filing of this suit until the date a class is certified, all persons in the United States who: (1) subscribe to cellular telephones; (2) received more than one telephone call or text message from Defendants (or someone acting on its behalf) on that phone during a 12-month period; (3) whose phone numbers were listed on the Do Not Call Registry for more than 31 days at the time the calls were received; and (4) where the party that purportedly "consented" to receive the solicitation texts was under the age of 18 at the time the party purportedly offered that "consent."

**Texas Solicitation Class:** For two years prior to the filing of this suit until the date a class is certified, all residents of Texas who received a marketing call or text message from

Defendants or someone acting on its behalf) and at such time Defendants had not obtained a registration certificate from the Office of the Secretary of State.

51.    Plaintiff reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

52.    The members of the proposed classes are so numerous that joinder of all members is impracticable.  Plaintiff reasonably believes that hundreds or thousands of people have been harmed by Defendants' actions.  The names and phone numbers of the numbers of the proposed class are readily identifiable through records available to Defendants.

53.    Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

54.    Upon information and belief, Defendants have called or text messaged and continue to call and text message individuals who are registered on the National Do Not Call Registry.  It is reasonable to expect that Defendants will continue to make such calls and text messages absent this lawsuit.

55.    Upon information and belief, Defendants have and continue to place telemarketing calls and text messages without first obtaining a registration certificate from the Office of the Secretary of State.  It is reasonable to expect that Defendants will continue to make such calls or text messages absent this lawsuit.

56.     Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members.  The questions of law and fact common to the proposed class include, but are not limited to, whether Defendants called or text messaged phone numbers that were registered on the Do Not Call Registry, whether such calls violate the TCPA, whether Defendants obtained a registration certificate from the Office of the Secretary of State before placing telemarketing calls and/or text messages, and whether such calls and/or text messages violate the Texas Business and Commerce Code.

57.     Plaintiff's claims are typical of the claims of the proposed class members because their claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

58.     Plaintiff and her counsel will fairly and adequately protect the interests of the members of the proposed class.  Plaintiff's interests do not conflict with the interests of the proposed class she seeks to represent.  Plaintiff has retained lawyers who are competent and experienced in class action, TCPA litigation and consumer law.  Plaintiff's counsel has the resources to litigate this class action, and Plaintiff and counsel are aware of their responsibilities to the

AMENDED COMPLAINT

putative members of the class and will discharge those duties.  Plaintiff reserve the right to join other unnamed class members into this lawsuit.

59.    A class action is superior to all individual lawsuits for this controversy.  Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible.  The size of the individual claims is likely not large enough to justify filing a separate action for each claim.  For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery.  Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts.  Individual litigation could also result in inconsistent adjudications.

60.    In contrast to numerous individual claims, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

61.    Questions of law and fact, particularly the propriety of calling cell phone numbers registered on the National Do Not Call Registry, placing calls to people without first obtaining a registration certificate from the Office of the Secretary of State, predominate over questions affecting only individual members.

62.     Defendants have acted or refused to act in accordance with the relief sought by these classes, so final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

## Count I - Violations of the Telephone Consumer Protection Act
## 47 U.S.C. § 227(b)
### *ATDS Claim*

63.     Plaintiff alleges by reference the allegations of the previous paragraphs as if fully stated in this Count.

64.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express written consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200.

65.     The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

66.     On information and belief, Defendants sent text message "blasts" using an automatic telephone dialing system which dials or stores phone numbers using a random or sequential number generator.

67.     By placing automated text messages to the cell phones of Plaintiff and the putative class members without first obtaining their prior express written consent, Defendants violated the TCPA, including, but not limited to 47 U.S.C. § 227(b)(1).

68.     The TCPA provides for a private right of action and statutory damages of $500 per violation, and up to $1,500.00 if the violation is determined to be willful.  47 U.S.C. § 227(b)(3).

69.     On information and belief, Defendants placed automated text messages to the cell phones of Plaintiff and the putative class members without valid or legally recognized express written consent.

70.     On information and belief, Defendants placed similar text messages to hundreds if not thousands of wireless telephone numbers without valid consent, using an automatic telephone dialing system.

WHEREFORE Plaintiff Kristen Hall, individually and on behalf of all others similarly situated, request the Court grant the following relief:

     a. Enter an order against Defendants, pursuant to Federal Rule of Civil Procedure 23, certifying this action as a

class action and appointing Hall as the class representative;

b. Enter an order appointing Kimmel & Silverman, P.C. as class counsel;

c. Enter judgment in favor of Plaintiff and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if Smosh willfully violated section 227(b) of the TCPA;

d. Enter judgment in favor of Plaintiff and the class members enjoining Defendants from placing calls or leaving messages utilizing an automatically generated or pre-recorded voice;

e. Award Plaintiff and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration;

f. Award Plaintiff and the class members all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees; and

g. Award Plaintiff and the class members such further and other relief the Court deems just and appropriate.

**Count II - Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c)(5)**
***Do-Not-Call Claim***

71. Plaintiff alleges by reference the allegations of the previous paragraphs as if fully stated in this Count.

72. The TCPA provides that it is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one call on their cell phone "within any 12-month period by or on

behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

73.     The penalty for each call placed in violation of the TCPA's restrictions on calling cell phone numbers registered on the National Do Not Call Registry is $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

74.     In addition, the TCPA allows the Court to enjoin Defendants' violations of the TCPA's regulations prohibiting calls to cell phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

75.     By sending text messages to the cell phones of Plaintiff and the putative class members after their numbers were registered on the National Do Not Call Registry, Defendants violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c)(5) and the TCPA's corresponding regulations.

76.     Defendants knew or should have known that Plaintiff and the putative class members had their numbers registered on the Do Not Call Registry.

77.     Defendants did not obtain valid express written consent from the called parties.

78.     Defendants did not have a legally recognizable existing business relationship with the called parties.

79.    Plaintiff and the putative class members are entitled to damages of $500.00 per violation for each text message sent by Defendants and up to $1,500.00 per violation if the Court finds that Defendants willfully violated the TCPA.

## Demand for Judgment

WHEREFORE Plaintiff Kristen Hall, individually and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendants, pursuant to Federal Rule of Civil Procedure 23 *et seq.*, certifying this action as a class action and appointing Plaintiff as the class representatives;

b. Enter an order appointing Kimmel & Silverman as counsel for the class;

c. Enter judgment in favor of Plaintiff and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if Defendants willfully violated section 227(c)(5) of the TCPA;

d. Enter a judgment in favor of Plaintiff and the putative class that enjoins Defendants from violating the TCPA's regulations prohibiting Defendants from calling numbers registered on the National Do Not Call Registry;

e. Award Plaintiff and the class all expenses of this action, and requiring Defendants to pay the costs and expenses of class notice and administration; and

f. Award Plaintiff and the class such further and other relief the Court deems just and appropriate.

## Count III – Violations of § 302.101 *et seq.* of
## The Texas Business & Commercial Code
### *Texas Solicitation Claim*

80.    Plaintiff alleges by reference the allegations of the previous paragraphs as if fully stated in this Count.

81.    Plaintiff received text messages from Defendants on her cell phone in Texas.

82.    Defendants knew that the number for the called party was associated with a Texas resident.

83.    Section 302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

84.    Defendants violated § 302.101 of the Texas Business & Commercial Code when they engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

85.    Section 302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, Section 302.302(d) provides

AMENDED COMPLAINT

that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

## Demand for Judgment

WHEREFORE Plaintiff Kristen Hall, individually and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendants jointly and severally, pursuant to Federal Rule of Civil Procedure 23, certifying this action as a class action and appointing Hall as the class representative;

b. Enter an order appointing Kimmel & Silverman, P.C. as class counsel;

c. Enter judgment in favor of Plaintiff and the class members for all damages available under Texas Commercial & Business Code, including statutory damages of $5,000 per violation;

d. Enter judgment in favor of Plaintiff and the class members enjoining Defendants from placing marketing calls before obtaining a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made;

e. Award Plaintiff and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration;

f. Award Plaintiff and the class members all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees; and

g. Award Plaintiff and the class members such further and other relief the Court deems just and appropriate.

AMENDED COMPLAINT

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff KRISTEN HALL, and all others similarly situated demand a jury trial in this case.


Respectfully submitted,

Kimmel & Silverman, P.C.

Dated: December 28, 2021          By: */s/ Joseph D. Steward, III*
Joseph D. Steward, III, Esq.
1055 West 7th Street, 33rd Floor
Los Angeles, CA 90017
Phone: (213) 340-7770
Facsimile: (215) 540-8817
Email: jsteward@creditlaw.com

*/s/ Jacob U. Ginsburg*
Craig T. Kimmel, Esq.  (*pro hac vice*)
Jacob U. Ginsburg Esq.  (*pro hac vice*)
30 E. Butler Ave.
Ambler, PA 19002
(215) 540-8888 ext. 104
kimmel@creditlaw.com
jginsburg@creditlaw.com
teamkimmel@creditlaw.com

*Attorneys for Plaintiff and putative class-representative, Kristen Hall*

AMENDED COMPLAINT