UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN HALL, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>SMOSH DOT COM, INC., d/b/a SMOSH, and MYTHICAL ENTERTAINMENT, LLC,<br><br>        Defendants. | No.  2:21-cv-01997-JAM-AC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

I.   BACKGROUND

Kristen Hall ("Plaintiff") brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227, *et seq.*  First Am. Compl. ("FAC"), ECF No. 10. Defendants are Smosh Dot Com, Inc. ("Smosh"), an online entertainment and merchandise company, and Mythical Entertainment, LLC. ( collectively "Defendants"), Smosh's parent company.  Id. ¶¶ 12-15.  Plaintiff alleges Defendants sent at least five text messages soliciting Smosh merchandise to the phone number used by her minor son.  Id. ¶¶ 26, 31-35.  In

1

1  response, she filed this lawsuit.  Compl., ECF No. 1.  She

2  asserts claims against Defendants for violations of the TCPA and

3  Section 302.101 of the Texas Business and Commerce Code.  FAC at

4  2.

5      Before the Court is Defendants' motion to dismiss.[1]  Mot. to

6  Dismiss ("Mot."), ECF No. 34.  Plaintiff opposed the motion.

7  Opp'n, ECF No. 37.  Defendants replied.  Reply, ECF No. 38.  With

8  the Court's permission, see ECF No. 40, Plaintiff filed a sur-

9  reply.  Sur-Reply, ECF No. 41.  After careful consideration of

10  the parties' briefing and relevant legal authority, the Court

11  grants Defendants' motion.

12

13                    II.   OPINION

14      A.   Legal Standard

15      A defendant may move to dismiss for lack of subject matter

16  jurisdiction pursuant to Federal Rule of Civil Procedure

17  12(b)(1).  Fed. R. Civ. P. 12(b)(1).  If the plaintiff lacks

18  standing under Article III of the United States Constitution,

19  then the court lacks subject-matter jurisdiction, and the case

20  must be dismissed.  See Maya v. Centex Corp., 658 F.3d 1060,

21  1067 (9th Cir. 2011).  To establish standing, a plaintiff must

22  "have (1) suffered an injury in fact, (2) that is fairly

23  traceable to the challenged conduct of the defendant, and

24  (3) that is likely to be redressed by a favorable judicial

25  decision."  Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).

26  Once a party has moved to dismiss for lack of subject-matter

27  _____
   [1] This motion was determined to be suitable for decision without

28  oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
   scheduled for June 28, 2022.

                              2

jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

B.   Analysis

"The TCPA establishes the substantive right to be free from certain types of phone calls and texts absent consumer consent." Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1043 (9th Cir. 2017) (internal citations omitted).  Because "unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients," receipt of such messages constitutes a "concrete injury in fact sufficient to confer Article III standing."  Id.

Defendants move to dismiss for lack of standing.  Mot. at 4-5.  Specifically, Defendants argue Plaintiff does not have standing because she did not plead she was the actual user of the phone number to which Defendants sent the text messages nor the actual recipient of those messages.  Id.; Reply at 2-3.  Her son was.  Id.

Plaintiff insists she does have standing because "(1) she received text messages to her cell phone number which was registered on the Do-Not-Call list; and (2) the messages invaded her right to be left alone."  Opp'n at 14 (citing to FAC ¶¶ 28, 34, 37).  She downplays her son's use of the number by citing to the allegations that her minor son only used the phone "at times" and that she registered the number on the Do-Not-Call list to protect her son from advertisers.  Id. at 15 (citing to FAC ¶¶ 26, 29).  But as Defendants argue, Plaintiff's attempts to

1    rewrite the FAC in her opposition brief are improper.  Reply at

2    2-3.  The FAC clearly indicates Plaintiff's son was the phone

3    user and the recipient of the messages.  See FAC ¶¶ 26, 31-34.

4    Plaintiff's new contention – that actually <u>she</u> received the text

5    messages - fails because a complaint cannot be amended through an

6    opposition to a motion to dismiss.  See <u>Schneider v. Cal. Dep't</u>

7    <u>of Corr.</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  Plaintiff did

8    not plead she received any of Defendants' text messages.  She

9    pled only that she was "the subscriber and owner of the phone."

10   FAC ¶ 37.

11        Plaintiff also does not bring forward any binding authority

12   supporting the proposition that she has standing merely as the

13   subscriber/owner of the phone.  See Opp'n at 14-15.  First,

14   Plaintiff cites to a FCC Decision, <u>In the Matter of Rules and</u>

15   <u>Regulations Implementing the TCPA of 1991</u>, 30 F.C.C.R. 7961

16   (2015).  <u>Id.</u> at 15.  Then she cites to <u>Miholich v. Senior Life</u>

17   <u>Ins. Co.</u>, Case No. 21-cv-1123-WQH-AGS, 2022 WL 410945 (S.D. Cal.

18   Feb. 10, 2022), which is readily distinguishable.  <u>Id.</u> at 14.

19   The first standing issue in <u>Miholich</u> was whether Plaintiff's

20   telephone was used for business and thus fell outside the

21   protection of the do-not-call provisions of the TCPA, which only

22   protect residential telephone subscribers not businesses.  2022

23   WL 410945, at *3.  Here, that issue is not present because it is

24   undisputed the phone number was residential.  See FAC ¶ 27.  The

25   other standing issue in <u>Miholich</u> was whether plaintiff

26   sufficiently pled that defendant sent the TCPA-violative messages

27   or that defendant had a relationship with a third-party sender of

28   the messages, such that plaintiff's injury was fairly traceable

4

1   to defendant's conduct or redressable by defendant.  2022 WL

2   410945, at *4.  Again, that issue is not present here.  In sum,

3   <u>Miholich</u> does not support Plaintiff's argument that she has

4   standing merely by owning the phone.

5       Further, Plaintiff does not address <u>Agne v. Papa John's

6   Int'l, Inc.</u>, 286 F.R.D. 559, 565 (W.D. Wash. 2012), the case

7   Defendants cite in their motion in support of their argument "it

8   is the actual user of the number that the TCPA is intended to

9   protect." <u>See</u> Mot. at 5; <u>see also</u> Opp'n.  Nor does Plaintiff

10  address <u>Breslow v. Wells Fargo Bank, N.A.</u>, 857 F.Supp.2d 1316,

11  1321 (S.D. Fla. 2012), relied on by Defendants to support their

12  position that the "'called party' language of the TCPA means the

13  actual recipient of the calls or texts and not the owner." <u>See</u>

14  Mot. at 4; <u>see also</u> Opp'n. "Failure to oppose an argument raised

15  in a motion to dismiss constitutes waiver of that argument."

16  <u>Resnick v. Hyundai Motor America, Inc.</u>, Case No. CV 16-00593-BRO

17  (PJWx), 2017 WL 1531192, at *22, (C.D. Cal. Apr. 13, 2017).

18      For all of these reasons, the Court finds that Plaintiff has

19  not carried her burden to show she has standing.  <u>See</u> <u>Kokkonen</u>,

20  511 U.S. at 377.  Defendants' motion to dismiss is therefore

21  granted.  Because the Court dismisses for lack of standing, the

22  Court does not reach the parties' additional 12(b)(6) arguments.

23  <u>See</u> Mot. at 7-11; <u>see also</u> Opp'n at 6-13.

24      C.   <u>Sanctions</u>

25      A violation of the Court's standing order requires the

26  offending counsel, not the client, to pay $50.00 per page over

27  the page limit to the Clerk of Court.  Order re Filing

28  Requirements at 1, ECF No. 5-2.  Moreover, the Court did not

1   consider arguments made past the page limit. <u>Id.</u>

2      Plaintiff's opposition exceeds the Court's page limit by 8

3   pages. <u>See</u> Opp'n. Plaintiff's counsel must therefore send a

4   check payable to the Clerk for the Eastern District of California

5   for $400.00 no later than seven days from the date of this Order.

6      Defendants' reply exceeds the Court's page limit by 3.5

7   pages. <u>See</u> Reply. Defendants' counsel must therefore send a

8   check payable to the Clerk for the Eastern District of

9   California for $175.00 no later than seven days from the date of

10   this Order.

11

12                   III.   ORDER

13      For the reasons set forth above, the Court GRANTS

14   Defendants' motion to dismiss.

15      IT IS SO ORDERED.

16   Dated: July 11, 2022

17

18                         JOHN A. MENDEZ,
                        UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28